

# The Attorney General of Texas

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen. TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

May 6, 1981

Honorable Ray Farabee, Chairman
Senate Committee on State
  Affairs
Austin, Texas 78711

Honorable Gerald Hill, Chairman
Committee on Elections
House of Representatives
Austin, Texas 78711

Opinion No.    MW-333

Re:  Constitutionality of C.S.H.B.
889 concerning direct deposit of
payroll warrants by magnetic tape
transfer service

Dear Senator Farabee and Representative Hill:

You have requested our opinion regarding the constitutionality of
House Bill 889, presently pending in the 67th Legislature. The bill would
amend article 4344b, V.T.C.S., by adding the following provision:

> Notwithstanding the provisions of any other statute,
> the Comptroller of Public Accounts may establish and
> operate an electronic funds transfer system only to
> transfer employees gross state salaries less
> deductions specifically authorized by state or federal
> law or reimbursement for travel and subsistence of
> employees or [payment?] to state contractual payees
> to satisfy state contracts directly into their accounts
> in financial institutions.  An employee or state
> contractual payee must request in writing to
> participate in any electronic funds transfer system
> established and operated by the Comptroller of Public
> Accounts.  A single transfer may contain payments to
> mutiple payees without the necessity of issuing
> individual warrants for each payee. The Comptroller
> shall establish procedures for administering the
> system and may use the services of financial institu-
> tions, automated clearinghouses and the federal
> government. The use of electronic funds transfer or
> any other payment means does not create any rights
> that would not have been created had an individual
> state warrant been used as the payment medium. The
> State Treasurer may not make a payment of a state
> employee's salary before the last working day of the
> payroll period.

The state treasurer contends that this proposal, if enacted, would contravene article 4, section 23, and article 3, sections 50 and 51 of the Texas Constitution.

In Attorney General Opinion MW-213 (1980), we said that, while existing law permitted the comptroller, at an employee's instruction, to transfer the employee's pay warrant directly to his designated bank, there was no statutory authority for the comptroller to issue to a bank a pay warrant covering multiple employees or to issue warrants solely by means of magnetic tape. House Bill 889 furnishes such authority.

Article 4, section 23 of the Texas Constitution merely establishes the office of state treasurer and directs that he "perform such duties as are or may be required by law." No duties of the treasurer are specified in the constitution, and, in our opinion, the legislature is at liberty to reasonably determine the scope of his duties. The provision of the bill directing the comptroller to "establish procedures for administering the system" merely makes it his duty to conform the use of electronic "warrants" as nearly as may be possible to the statutory requirements governing the issuance and control of paper warrants. The existing statutes furnish sufficient standards to guide his discretion. The sentence prohibiting the State Treasurer from making a payment of a state employee's salary before the last working day of the payroll period is confirmation that the bill does not attempt to change the traditional role of that constitutional officer. No payment may be made from the treasury except at his direction.

Article 3, section 50 of the constitution prohibits the legislature from lending or pledging the credit of the state for the liability of any individual, corporation or association. Article 3, section 51 prohibits the grant of public funds to an individual, corporation or association. In our view, neither of these provisions is subverted by House Bill 889. See Attorney General Opinions MW-55 (1979); H-74 (1973). Accordingly, it is our opinion that House Bill 889, if enacted, would be upheld as constitutional as against the objections raised.

### SUMMARY

House Bill 889, presently pending in the 67th Legislature, does not contravene article 4, section 23 or article 3, section 50 or 51 of the Texas Constitution.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Thomas M. Pollan